*ORIGINAL TO U.S. DIST. CT.*

RECEIVED
2006 OCT 13 A 9:43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS OTTER ADAMS, PRO SE, # 100612-B PLAINTIFF<br><br>VS.<br><br>GWENDOLYN MOSLEY, WARDEN III, ET. AL. DEFENDANT(S) | CIVIL ACTION:<br><br>2:06-CV-873-ID |

SUPPLEMENTAL, AMENDED PLEADING,
FEDERAL RULES OF CIVIL PROCEDURE-
RULE # 15

Comes now the Plaintiff, Thomas Otter Adams-# 100612-B, a state prisoner, who is before this Honorable Court, pursuant to the above mentioned Civil Action;

Plaintiff respectfully request the permission to proceed, pursuant to F.R.Civ.P.- # 15.

LEGAL USE ONLY

I am Thomas Adams - #100612, a state prisoner, (E.C.F.), capable and able to file this complaint, and supplement, I am over 21 years old, I file the following before and to this Honorable Court, pursuant to 28 U.S.C § 1746(2), the Penalty of Perjury.

---

Claim #2 - Petitioner files this supplement, pursuant to Rule #15(c),(2),

① On Sep. 29, 2006, Segregation Unit, E.C.F. at about 12:00-1:00 pm. I was taken before a Disciplinary Hearing Board, for alleged violations on A.R. 403, Rule(s) #64-possesion of contraband, #56-failure to obey a direct order, and #29-assault on a D.O.C. official, before Hearing Officer, CO I Anthony Williams.

② Plaintiff request by the permission of this Honorable Court, to add the

Hearing Officer, CO I Williams as a defendant pursuant to F.R.Civ.P.- Rule #15(c)(3), any and all defendant(s) are held liable and are sued in their individual as well as official capacities, including but not limited to the Hearing Officer, CO I Williams.

(3) Hearing Officer - CO I Williams failed to swear in any one including all defendant(s), until being reminded, after the testimonie(s)/statement(s) were being given, a violation of this prisoners Due-Process protections, A.R. #403, IV(E), A.R. #403 IV(F) inmates, begins the evidence procedure,

(4) Hearing Officer - CO I Williams began with violation #29 - Assault on a D.O.C. official, read the charge, asked to plea guilty or not guilty, told CO I Tew to "give me your statement," when CO I Tew gave his version, all other defendant(s) were in the Hearing Room, no one had been sworn in.

(2)

(5) In addition to what which has been added, this Plaintiff maintains that;

These disciplinaries were "served" on August 10, 2006. @ 1:45 p.m. by the CO I Robert McKinnis, (line #7), the A.R. # 403 IV, requires, "the hearing should be held within ten (10) working days after the inmate has been "served" with the charges."

(6) A.R. # 403, Annex D, serving officer CO I John Ivey, notice of Postponement of Disciplinary Hearing, Documents/Records August 24, 2006 is the scheduled day for the hearing, which is eleven (11) working days! A Due-Process violation, and then Documents/Records, "rescheduled for," until further notice, being vague and overbroad, another due-process violation.

(7) This Plaintiff contends that the, Annex D to A.R. 403, Reason for delay/rescheduling: "Arresting officer not available," is a fabrication!

(8) During August 10, 2006 - August 24, 2006 CO I Joel Tew was    (3) then available.

(8) This Plaintiff further supports these due-process violations in that, AR#403(G), requires, "Referral for a mental health consultation to the disciplinary process may be made;
  1) At the time of the rule violation
  2) When review of the disciplinary report identifies the inmate as having a serious mental illness.

(9) Plaintiff alleges that the - ADOC Form MH-041, which is dated 9-29-06 by COI Anthony Williams, Records at Step 3, date requested consult recieved: - 9/11/06 date consult returned: 9/15/06

(10) The actual date of the original offense was 8/10/06, well over a month before, which is far outside any time limitations of AR#403, being due-process violations!

(11) Plaintiff maintains that these consultation and/or evaluations are also (and must be) held to the constraints and time limitations

(4)

of the A.R. # 403 III (A), III (D), and IV.

(12) This plaintiff's due-process protections are further abused and violated by several D.O.C. personnel.

## STANDARD OPERATING PROCEDURE - C28
## USE of FORCE

(13) Plaintiff alleges and complains that at the beginning of those "hearings" it was verbally requested that the handcuffs be allowed to be placed in front," pursuant to the, S.O.P.- C-28, (C), 2-B, which records in relevant part, "exceptions to handcuffing behind the back will be for long transports, in segregation when the inmate(s) must carry items or sign papers."

(14) Sgt. Nugent, Seg. Commander says, "There is no C-28 in here."

(15) These three (3) disciplinary hearings took over an hour to each complete, entering into the 2nd shift.

(5)

(16) Plaintiff's contention is that this incident, although common enough, examples callous and deliberate indifference by the segregation comm., Sgt. L. Hulett!

(Several defendants seemed to find amusement and humor in this circumstance.)

(17) I am well known to all of the defendants as a heart-patient prisoner!

(18) It further violates a prisoner's (plaintiff) due-process rights/protections as well as the ADOC's AR-#403 IV(E), that I was not, "allowed to read his/her prepared written statement to the hearing officer and allow the inmate to add his/her oral testimony if the inmate desires."

(19) This is one of the fundamental rights to a fair hearing!

(6)

## REQUEST FOR RELIEF

This Plaintiff/Petitioner now respectfully requests and prays this Honorable Court to:

(A) Issue a Declaratory Judgment pursuant to F.R.Civ.P.-#57, for a "speedy hearing and advance this action on the calendar."

(B) Issue an order requiring the A.D.O.C. at Easterling Correctional Facility to cause the immediate lateral transfer of Plaintiff to an institution which hosts a legitimate and authorized "Sweat Lodge".

(C) Issue an order that Plaintiff be allowed a mattress 24 hours a day, 7 days a week.

(D) Prompt and effective medical diagnosis, treatment and pain medications, to include any and all reasonable physical therapy!

(7)

(E) A thorough investigation of these disciplinaries #06-594, #06-595, #06-596,

(F) The expulsion of these disciplinary violations from the institutional file of plaintiff.

(G) A review of the A.D.O.C.'s Admin. Reg. #403

A declatory judgment, in a fair and just dollar amount against any and all defendant(s).

A punitive judgment, in a fair and just dollar amount, against any and all defendant(s).

Respectfully submitted,
Thomas Adams
_____
Thomas Adams - 100612
SA-18 Seg. Unit
200 Wallace Drive.
Clio, Alabama.
36017

(9)

# Certificate of Service

I hereby certify, by signature, that I have mailed a true copy of the foregoing "Supplement- Rule 15" to the Attorney General's Office, first-class postage is pre-paid and properly addressed as:

Honorable Matt Bledsoe, Esq.
Attorney General's Office, Alabama
200 Dexter Avenue
Montgomery, Alabama
            36102

Done this 1 day of October, 2006, at Easterling Segregation Unit.

        s/ Thomas Adams - 100612
        5A-18 Seg. Unit.
        200 Wallace Dr.
        Clio, Alabama 36017

(9)