**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **THOMAS OTTER ADAMS (100612),** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **2:06-cv-873-ID** |
| | ) |
| **WARDEN GWENDOLYN MOSLEY,** | ) |
| **Et al** | ) |
| **Defendants.** | ) |

**SPECIAL REPORT AND ANSWER**

Come now the Defendants, **Gwendolyn Mosley**, **Lewis Hulett, Joel Tew, Daron**

**Fayson, and Angela Brown,** by and through the Attorney General for the State of

Alabama, and file the following Special Report and Answer:

**ANSWER**

In answer to Plaintiff's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been
   violated.

3. Defendants assert the affirmative defenses of sovereign and qualified
   immunity.

4. Defendants deny each and every material allegation not expressly
   admitted herein and demand strict proof thereof.

## SPECIAL REPORT

In accordance with the Court's order, the Defendants submit the following written report:

### *PARTIES*

1.    The plaintiff, **Thomas Otter Adams**, is an inmate currently incarcerated at Easterling Correctional Facility, located at 200 Wallace Drive Clio, Alabama 36017.

2.    The defendant, **Gwendolyn Mosley**, is a Warden at Easterling Correctional Facility.

3.    The defendant, **Lewis Hulett**, is a Sergeant at Easterling Correctional Facility.

4.    The defendant, **Joel Tew**, is a Correctional Officer at Easterling Correctional Facility.

5.    The defendant, **Darron Fayson**, is a Correctional Officer at Easterling Correctional Facility.

6.    The defendant, **Angela Brown**, is a Correctional Officer at Easterling Correctional Facility.

## EXHIBITS

Defendants submit the following exhibits:

1. Exhibit A –    Affidavit of Daron Fayson

2. Exhibit B –  Affidavit of Joel Tew

3. Exhibit C –  Affidavit of Gwendolyn C. Mosley

4. Exhibit D – Affidavit of Angela Brown

5. Exhibit E – Affidavit of Lewis Hulett

## PLAINTIFF'S ALLEGATIONS

According to Inmate Adams, on August 10, 2006, he was attacked by Officer Fayson, Offer Tew, Officer Brown and Sergeant Hulett.  Inmate Adams insinuates that he was attacked by the Officers because he is the jailhouse lawyer in the case of <u>Ricky Davis v. Sergeant Bryant, et al</u>.

## ARGUMENT OF FACT AND LAW

This Court should enter a summary judgment in favor of the Defendants on the grounds that: the Plaintiff's excessive force claim is meritless and the Defendants are protected by sovereign and qualified immunity.

### Statement of Facts

On August 10, 2006, Inmate Adams informed Offer Fayson that he was having chest pains. (Exhibit A, pg. 1)  Officer Fayson informed Sergeant Hulett that Inmate Adams was having chest pains. *See id.*. Sergeant Hulett informed Officer Fayson to

escort Inmate Adams to the lobby. *See id.*. Officer Brown and Officer Fayson escorted Inmate Adams to the lobby. *See id*.

   While Inmate Adams was sitting in the lobby, Officer Joel Tew approached him and asked him to sit in the wheelchair.  (Exhibit B, pg. 1)  Inmate Adams proceeded to kick the wheel chair and stated: "Ya'll ain't going to do anything for me.  Ya'll want me dead. Ya'll are making a big deal out of some pastel pencils and some pills." *See id*. Inmate Adams refused to get in the wheelchair and started to walk towards the front door exit. *See id.*, at pg. 2.  Officer Tew grabbed Inmate Adams and ordered him to stop and sit down in the wheelchair.  *See id*.  Inmate Adams charged at Officer Tew and pushed him against the wall. *See id*.  To protect himself, Officer Tew placed Inmate Adams on the floor. *See id*.  After a struggle, Officer Brown, Officer Tew, and Sergeant Hulett placed Inmate Adams in the wheelchair and escorted him to the Health Care Unit. *See id*.

***Plaintiff's claims of excessive force are without merit.***

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment.  Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999).  To establish an Eighth Amendment claim of excessive force, the Plaintiff must prove that "'force was applied … **maliciously and sadistically for the very purpose of causing harm**.'"  *Id., quoting* Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (emphasis added); *see also* Bozeman v. Orum, 422 F. 3d 1265, 1271 (11th Cir. 2005) *quoting* Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987)("whether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm").

In this case, Officer Tew admitted that he had to restrain Inmate Adams.  (Exhibit B, pg. 2)  Officer Tew, however, has stated that the restraint was needed to keep Inmate Adams from leaving the prison and to protect himself from Inmate Adams attack on him. *See id*.  Because Inmate Adams has not shown that the force was applied for any other reason than to prevent from him from attacking Officer Tew or to escape from the prison, his claim is without merit.  *See* McReynolds v. Ala. Dept. of Youth Services,  426 F. Supp. 1247, 1255 (M.D. Ala. 2006)("[A]bsent a showing of specific intent, the 'infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment . . .")

Furthermore, Inmate Adams's claim that he was injured during the alleged attack is without merit. When Inmate Adams arrived at the Health Care Unit, he was asked what injuries he had that day.  Inmate Adams responded: "I've got pain shooting across my

chest." (Exhibit C, pg. 3)  If Inmate Adams had been injured during an attack just
minutes earlier, it is likely he would have mentioned this during his visit to the Health
Care Unit.  Because Inmate Adams failed to mention the alleged attack or injuries related
to the alleged attack, it is likely that no such attack occurred and, as a result, Inmate
Adams complaint is due to be dismissed.


### *This Court should enter a summary judgment for the Defendants because the Plaintiff's claims are not supported by sufficient evidence.*

Rule 56 of the Federal Rules of Civil Procedure, provides that summary judgment
shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions
on file, together with the affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to a judgment as a matter of law."
When the movant makes a properly supported motion for summary judgment, the
nonmoving party must provide specific facts showing the existence of a genuine issue of
material fact for trial.  *See* Fed. R. Civ. P. 56(e);  Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The
nonmoving party may oppose the motion with any of the types of evidentiary materials
listed in Rule 56(c) of the Federal Rules of Civil Procedure, except for its pleadings.
Celotex, 477 U.S. at 324.  The nonmoving party may not rest merely on its pleadings in
opposing the motion.  *See* F.R.Civ.P. 56(e);  Celotex, 477 U.S. at 324.  Summary
judgment is properly entered when the party who will bear the burden of proof at trial
fails "to make a showing sufficient to establish the existence of an element essential to
that party's case."  Celotex Corp. v. Catrett, 477 U.S.  at 322.

As stated previously, Inmate Adams failed to produce any evidence that he was maliciously or sadistically beaten by prison officials.    Because Inmate Adams has failed to produce evidence that the defendants used excessive force with malicious intent, Inmate Adams's complaint is due to be DISMISSED.

### *Defendants Are Immune from Suit.*

To the extent that the Defendants are sued in their official capacity, they are immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry.  *See* Edelman v. Jordan, 415 U.S. 651, 663 (1974); Hans v. Louisiana, 134 U.S. 1, 13-15 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest.  *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 (1984).  "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit."  Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State.  Thus, the Defendants are absolutely immune.

In addition, the Defendants are protected by qualified immunity.  As stated by the

Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

In this case, the Defendants were acting within their discretionary authority when they used force to restrain Inmate Adams.  *See* McReynolds v. Ala. Dept. of Youth Services, 2006 WL 821203, at *6 ("Courts afford prison administrators ' wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" ) Because the alleged acts of the Defendants consisted of discretionary functions, and because the actions did not violate any clearly established constitutional or statutory right, the Defendants are protected by qualified immunity.  Wilson v. Blankenship, 163 F. 3d 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

Furthermore, Inmate Adams has made no specific claims against the Warden Gwendolyn Mosley. The claims against Warden Mosley are due to be dismissed on the ground that there is no respondeat superior liability in actions brought under 42 U.S.C. § 1983.  *See*  Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992).

## CONCLUSION

**WHEREFORE**, the above-cited facts and law are considered, the Defendants move this Honorable Court to DISMISS the Plaintiff's complaint.

Respectfully Submitted,

Troy King (KIN047)
Attorney General

/s/Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*


## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 5th day of December, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Inmate Thomas Otter Adams**
**AIS # 100612**
**Easterling Correctional Facility**
**200 Wallace Drive**
**Clio, AL  36017**

/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS OTTER ADAMS, #100612    )
    Plaintiff    )
    )
    VS.    )    CIVIL ACTION #2:06-CV-873-ID
    )
GWENDOLYN C. MOSLEY, et.al.,    )
    )
    Defendants.    )

**AFFIDAVIT**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Daron Fayson, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Daron Fayson and I am presently employed as a Correctional Officer I, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, AL 36017. I am over twenty-one (21) years of age.

On August 10, 2006, I, Officer Daron Fayson, was assigned to the Segregation Unit. At approximately 9:22 AM, I was conducting a security check on B-Side. As I approached inmate Thomas Adams' cell B-16, inmate Adams reported to me that he was having chest pains. I entered the lobby and reported the information to Sgt. Lewis Hulett. Sgt. Hulett instructed Officer Angela Brown and me to remove inmate Adams from his cell and escort him to the lobby. At approximately 9:27 AM, Officer Brown and I escorted inmate Adams to the lobby. I went back on B-Side to complete my security check.


EXHIBIT
A

Affidavit - Daron Fayson
Civil Action #2:06-CV-873-ID
Page 2


Daron Fayson

SWORN TO AND SUBSCRIBED TO before me this the 28th day of

November, 2006.

NOTARY PUBLIC

My Commission Expires Jan. 24, 2009

My Commission Expires: _____

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT

B

THOMAS OTTER ADAMS, #100612      )
    Plaintiff                    )
                                 )
    VS.                          )    CIVIL ACTION #2:06-CV-873-ID
                                 )
GWENDOLYN C. MOSLEY, et.al.,      )
                                 )
    Defendants.                  )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Joel Tew, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Joel Tew and I am presently employed as a Correctional Officer I, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, AL 36017. I am over twenty-one (21) years of age.

On August 10, 2006, at approximately 9:30 AM, I, Joel Tew, entered the Segregation Unit with the food cart. Sgt. Lewis Hulett instructed me to assist inmate Thomas Adams, W/100612 into the wheel chair, so that he could be escorted to the Health Care Unit. Inmate Adams was cuffed to the rear. I placed the wheel chair in front of inmate Adams and instructed him to get into the wheel chair. He was sitting in a chair in the Segregation lobby. As I placed the wheel chair in front of inmate Adams, inmate Adams kicked the wheel chair and stated, "Ya'll ain't going to do anything for me. Ya'll want me dead. Ya'll are making a big deal out of some pastel pencils and some pills." The pastel pencils and pills were confiscated by me, during a

Affidavit - Joel Tew
Civil Action #2:06-CV-873-ID
Page 2

routine shakedown of inmate Adams' assigned cell on August 10, 2006, at approximately 9:00 AM. I again placed the wheel chair in front of inmate Adams, and ordered him to sit in the wheel chair. Inmate Adams jumped up from the chair and began walking towards the front exit door. I grasped inmate Adams' jumpsuit at his left arm area and ordered him to stop and sit in the wheel chair. Inmate Adams pulled away from my grasp. I grasped inmate Adams' right upper arm and directed him towards the wheel chair. Inmate Adams kicked the wheel chair and charged at me, pushing me into the lobby wall. I grasped inmate Adams' upper body and placed inmate Adams on the floor. Sgt. Hulett, Officer Angela Brown, and I assisted inmate Adams into the wheel chair. Sgt. Hulett and I escorted inmate Adams to the Health Care Unit to be examined.

At approximately 9:40 AM, I was examined by Nurse Susie Bush and released back to duty.

At approximately 9:45 AM, inmate Adams was examined by Nurse Debra Shehane and released back to Sgt. Hulett and me, at approximately 10:00 AM. At approximately 10:00 AM, Sgt. Hulett and I escorted inmate Adams back to the segregation Unit and placed inmate Adams in his assigned cell, without any further incident.

I did not use excessive force against inmate Adams. I used the minimal amount of force necessary to control inmate Adams' behavior. I have not violated inmate Adams' Eighth Amendment.

Affidavit - Joel Tew
Civil Action #2:06-CV-873-ID
Page 3


_Joel Tew COI_
Joel Tew

SWORN TO AND SUBSCRIBED TO before me this the 28th day of

November 2006.

_Charlotte Wilson_
NOTARY PUBLIC

My Commission Expires: My Commission Expires Jan. 24, 2009

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT
C

THOMAS OTTER ADAMS, #100612     )
    Plaintiff     )
             )
    VS.     )     CIVIL ACTION #2:06-CV-873-ID
             )
GWENDOLYN C. MOSLEY, et.al.,     )
             )
    Defendants.     )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Gwendolyn C. Mosley, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Gwendolyn C. Mosley and I am presently employed as a Warden III, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, AL   36017.   I am over twenty-one (21) years of age.

Inmate Thomas Otter Adams, #100612 was assigned to Easterling Correctional Facility on January 6, 2005.  According to Sgt. Lewis Hulett, Segregation Unit Commander, inmate Adams had reported that he was having chest pains.  Sgt. Hulett called the Health Care Unit for a wheel chair for inmate Adams to be escorted to the Health Care Unit.

Sgt. Hulett stated that the wheel chair was  placed in front of inmate Adams.  Inmate Adams kicked the chair.  Officer Joel Tew placed the chair back in front of inmate Adams and instructed him to sit in the wheel chair.   Inmate Adams did not comply with Officer Tew's instructions and began walking towards the entrance door of the Segregation Unit.  Officer Tew grasped inmate Adams' left arm area.

Affidavit - Gwendolyn C. Mosley
Civil Action #2:06-CV-873-ID
Page 2

Inmate Adams pulled away.    Officer Tew grasped inmate Adams' upper right arm.    Inmate Adams again kicked the wheel chair and pushed Officer Tew into the lobby wall.    Due to his aggressive behavior, inmate Adams was placed on the floor by Officer Tew and was restrained.

Inmate Adams was escorted to the Health Care Unit where he was examined (Exb.#1).    He stated to the nurse when asked what was wrong with him, "I am alright, I just want a drink of water."    Inmate Adams walked back to the Segregation Unit with an escort.

I have received no information to suggest that inmate Adams had received unwarranted treatment by Sgt. Hulett or Officer Tew.

Gwendolyn C. Mosley

SWORN TO AND SUBSCRIBED TO before me this the 30th day of November, 2006.

Linda E. Teal
NOTARY PUBLIC

My Commission Expires:    7-15-07


PHS
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

**ADMISSION DATE** 8/10/06  **TIME** 9:45 AM/PM  ☐ ORIGINATING FACILITY Eksterling  ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____  ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT

**ALLERGIES** PCN Codeine Bactrim Dc Vasotec

**CONDITION ON ADMISSION** ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

**VITAL SIGNS: TEMP** 98⁴  ORAL/RECTAL Doxycycline  **RESP.** 24  **PULSE** 94  **B/P** 110/70  **RECHECK IF SYSTOLIC <100> 50** ____

**NATURE OF INJURY OR ILLNESS**

S. "I've got pain shooting across my chest." & "I took a NTG 5 mins ago."

| | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

O. Pt to HCU via wheelchair from Seg per Sgt Hewlett & Officer Lew. Pt states he having chest pain. Pt A+O +3 Skin WD to touch. Resp c ease. No visible distress noted. Pt moaning & asking for a drink of water. Pt states he's alright now & just need a drink of water. Pt left HCU walking back to Seg.

A. Health Maintenance

**ORDERS / MEDICATIONS / IV FLUIDS** | **TIME** | **BY**

P. EKG done. MD @ site. All EKG reviewed. NV orders recieved. Pt D/C'd back to Seg per MD. — RShs

**DIAGNOSIS** chest pain (cond by NTG SL x1) DC to Seg, R/c ____

**INSTRUCTIONS TO PATIENT** NO meds Return to Seg. Return if needed

**DISCHARGE DATE** 8/10/06  **TIME** 10:00 AM/PM  **RELEASE / TRANSFERRED TO** ☐ DOC ☐ AMBULANCE ☐  **CONDITION ON DISCHARGE** ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL

**NURSE'S SIGNATURE** RShs  **DATE** 8/10/06  **PHYSICIAN'S SIGNATURE**  **DATE** 8/10/06  **CONSULTATION**

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
| Adams Thomas | 100612 | | W/M | EKsterling |

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS OTTER ADAMS, #100612      )
    Plaintiff                    )
                                 )
    VS.                          )    CIVIL ACTION #2:06-CV-873-ID
                                 )
GWENDOLYN C. MOSLEY, et.al.,      )
                                 )
    Defendants.                  )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Angela Brown, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is Angela Brown and I am presently employed as a Correctional Officer   I, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, AL  36017.  I am over twenty-one (21) years of age.

On August 10, 2006, I, Officer Angela Brown, assisted Officer Daron Fayson in removing inmate Thomas Adams from his cell and escorting him to the lobby.  Officer Joel Tew entered the Segregation Unit lobby.  Sgt. Hulett instructed Officer Tew to assist inmate Adams into the wheelchair so that he could be escorted to the Health Care Unit.  Officer Tew placed the wheelchair in front of inmate Adams so he could be escorted to the Health Care Unit.  Inmate Adams kicked the wheelchair.  Inmate Adams jumped up from the wheelchair and began walking toward the door.  Officer Tew grasped inmate Adam's jumpsuit and ordered him to stop.  Inmate Adams pulled away from Officer Tew.



EXHIBIT
D

Affidavit - Angela Brown
Civil Action #2:06-CV-873-ID
Page 2

Officer Tew placed inmate Adams on the floor. Sgt. Lewis Hulett, Officer Tew, and I assisted inmate Adams into the wheelchair. Inmate Adams was escorted to the Health Care Unit.

*Angela Brown, COI*

Angela Brown

SWORN TO AND SUBSCRIBED TO before me this the 21st day of November, 2006.

*Grace M. Maloy*
NOTARY PUBLIC

My Commission Expires: 03|31|07

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



THOMAS OTTER ADAMS, #100612      )
    Plaintiff                  )
                              )
    VS.                        )     CIVIL ACTION #2:06-CV-873-ID
                              )
GWENDOLYN C. MOSLEY, et.al.,      )
                              )
    Defendants.                )

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Lewis Hulett</u>, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is <u>Lewis Hulett</u> and I am presently employed as a <u>Correctional Officer II,</u> employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, AL 36017. I am over twenty-one (21) years of age.

On August 10, 2006, Segregation Unit Officer Daron Fayson reported that inmate Thomas Adams, W/100612 was having chest pains. I instructed Officer Fayson and Officer Angela Brown to remove inmate Adams from his cell and escort him to the Segregation Unit Lobby. I called the Health Care Unit (HCU) to have a wheel chair brought to the Segregation unit. Officer Joel Tew placed the wheel chair in front of inmate Adams. Inmate Adams kicked the chair and stated, "Ya'll are making a big deal out of some pastel pencils and some pills." Inmate Adams was angry due to a random shakedown of his cell, and the pastel pencils and pills were found and confiscated from him.

Affidavit - Lewis Hulett
Civil Action #2:06-CV-873-ID
Page 2

Inmate Adams was sitting in a table chair that was in the lobby. Officer Tew placed the wheel chair in front of inmate Adams and instructed him to sit in the chair. Inmate Adams jumped up from the table chair and began walking towards the front lobby exit door. Officer Tew grasped inmate Adams by his arm and directed him towards the wheel chair. Inmate Adams kicked the wheel chair and pushed Officer Tew against the lobby wall.

Officer Tew grasped inmate Adams' upper body and placed him on the floor. I assisted Officer Tew and Officer Brown in placing inmate Adams into the wheel chair.

Officer Tew and I escorted inmate Adams to the Health Care Unit to be examined. Inmate Adams was examined by Nurse Susie Bush and Nurse Bush asked inmate Adams what was wrong with him. Inmate Adams stated, "I am alright, I just want a drink of water" (Exb.#1).

Inmate Adams was released back to Officer Tew and me. Inmate Adams walked back to the Segregation Unit with an escort.

Officer Tew did not use excessive force against inmate Adams. He used the minimal amount of force necessary to control inmate Adams' behavior.

Inmate Adams did not advise me that he needed to go back to the Health Care Unit for any reason.

I have not threatened, harassed, or violated inmate Adams' Eighth Amendment rights.

Affidavit - Lewis Hulett
Civil Action #2:06-CV-873-ID
Page 3


Lewis Hulett


SWORN TO AND SUBSCRIBED TO before me this the 28th day of

November, 2006.

Linda E. Teal
NOTARY PUBLIC


My Commission Expires:  7-15-07

EXHIBIT #1

**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE 8/10/06 | TIME 9:45 ☑AM ☐PM | ORIGINATING FACILITY Easterling ☐SIR ☐PDL ☐ESCAPEE | | ☐ SICK CALL  ☑EMERGENCY ☐OUTPATIENT |

ALLERGIES PCN Codeine Bactrim Vasotec

CONDITION ON ADMISSION ☑GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

| VITAL SIGNS: TEMP 98.6 | ORAL/RECTAL Doxycycline | RESP. 24 | PULSE 94 | B/P 110/70 | RECHECK IF SYSTOLIC <100> 50 / |

### NATURE OF INJURY OR ILLNESS

S- "I've got pain shooting across my chest." & "I took a NTG 5 mins ago."

|  | ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / SUTURES |

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

### PHYSICAL EXAMINATION

O- Pt to HCU via wheelchair from Seg per Sgt Hewlett & officer Rew. Pt states he having chest pain. Pt A+O x3. Skin W+D to touch. Resp. easy. No visible distress noted. Pt moaning & asking for a drink of water. Pt states he alright now & just need a drink of water. Pt left HCU walking back to Seg.

A- Health Maintenance

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
| P. EKG done. MD @ site | | |
| and EKG reviewed. No orders | | |
| recieved. Pt D/C'd back to | | |
| Seg per MD | | R Shu |

DIAGNOSIS chest pain (cont by NTG SL x1) DC to Seg, RTC prn

### INSTRUCTIONS TO PATIENT

HS orders Return to Seg. Return if needed

| DISCHARGE DATE 8/10/06 | TIME 10:00 ☑AM ☐PM | RELEASE / TRANSFERRED TO | ☑DOC ☐AMBULANCE ☐ | CONDITION ON DISCHARGE ☑SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |

| NURSE'S SIGNATURE Shu | DATE 8/10/06 | PHYSICIAN'S SIGNATURE | DATE 8/10/06 | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Adams Thomas | DOC# 100612 | DOB | R/S W/m | FAC. Easterling |