*Original*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED 2006 DEC 19 A 9:40

THOMAS OTTER ADAMS,
PRO SE, PLAINTIFF

VS.

GWENDOLYN MOSLEY
WARDEN III, ET. AL.
DEFENDANT(S)

CIVIL ACTION
2:06-CV-00873-ID-
CSC -

RESPONSE - RULE 56

---

RESPONSE TO DEFENDANTS' SPECIAL REPORT

---

COMES NOW THE PLAINTIFF, THOMAS OTTER ADAMS, A STATE PRISONER, WHO IS BEFORE THIS HONORABLE COURT, CHIEF UNITED STATES MAGISTRATE JUDGE, CHARLES S. COODY.

PLAINTIFF FILES THIS RESPONSE AND OBJECTION TO DEFENDANT(S) REQUEST FOR DISMISSAL - SUMMARY JUDGEMENT, PURSUANT TO F.R. CIV. P. - RULE 56, AND THE ORDERS OF THIS HONORABLE COURT, DOCUMENT # 17-1.

IN SUPPORT OF THIS RESPONSE/OBJECTION:

THIS RESPONSE IS PART OF A CIVIL ACTION, AUTHORIZED BY 42 U.S.C. § 1983, TO OBJECT TO THE DEFENDANT(S) REQUEST FOR A SUMMARY JUDGEMENT - DISMISSAL.

I AM THOMAS ADAMS, PLAINTIFF, A STATE PRISONER (#100612), WHO FILES AND HAS ALLEGED 8th AMENDMENT VIOLATIONS BY CO1 JOEL TEW, OTHER ADOC OFFICIALS ARE ALSO NAMED.

EACH OF THESE DEFENDANT(S) HAVE ACTED "UNDER COLOR OF STATE LAW", TO DEPRIVE THIS PRISONER OF THE PROTECTIONS OF THE UNITED STATES CONSTITUTION.

THIS PLAINTIFF/PRISONER SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SEC. 2201, 2202. THIS PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SEC. 2283, 2284 AND RULE-65 OF F.R.Civ.P.

THE U.S. DISTRICT COURT MIDDLE DISTRICT/ NORTHERN DIVISION IS THEN THE APPROPRIATE VENUE UNDER 28 U.S.C. SEC. 1391 (b)(2), BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THE CLAIM OF BRUTALITY/EXCESSIVE FORCE DID OCCUR.

THIS PRISONER FILES PURSUANT TO F.R.Civ.P.-56, AND NOW #56(G) - AFFIDAVITS MADE IN BAD FAITH, IN RESPONSE TO THE ORDERS OF DOCUMENT #17-1, HONORABLE CHARLES S. COODY.

(1)

<u>EXCESSIVE FORCE. MERIT</u>

THE U.S. SUPREME COURT HAS DETERMINED IN <u>HUDSON V. McMILLIAN, 503 U.S. 1</u> (1992) EXCESSIVE FORCE IS ANY PHYSICAL CONTACT BY A PRISON GUARD (COI JEEZ JEW) THAT IS MEANT TO CAUSE HARM RATHER THAN KEEP ORDER.

THERE IS NO REQUIREMENT FOR SIGNIFICANT INJURY FOR AN EIGHTH AMENDMENT CLAIM.
<u>BOWDEN V. BRIMLEY</u>, 1 F.3D., 271 (5TH CIR., 1993)
<u>FRIETAS V. STONE</u>, 818 F.SUPP., 1333 (D. HAW., 1993)
<u>SIMS V. ARTEZ</u>, 230 F.3D., 14 (2ND CIR., 2000)
<u>CRIPPEN V. CRIPPEN</u>, 193 F.3D., 89 (2ND CIR., 1999)

THERE IS A GENUINE ISSUE OF MATERIAL FACT, WHICH SHOWS THE EXISTENCE OF TRIABLE ISSUE(S).

THE ATTORNEY GENERAL'S OFFICE HAS THEN EXAGGERATED STATING,
"INMATE ADAMS FAILED TO PRODUCE ANY EVIDENCE THAT HE WAS MALICIOUSLY OR SADISTICALLY BEATEN BY PRISON OFFICIALS"

THIS PLAINTIFF HAS ALLEGED BRUTALITY AND EXCESSIVE FORCE, WHICH IS THEN SUFFICIENT OF ITSELF FOR AN EIGHTH AMENDMENT CLAIM_



II

the Attorney General's Office, whose improper efforts to mislead this Court to offer excuses/alibi for the actions of CO I Joel Tew, (and others) are themselves based on partial, inconsistent, abused, inaccurate affidavits which are suposed to be made under a <u>sworn oath!</u>

This would seem to be an acceptable tactic of A.D.O.C. employees, in which the Honorable Bettie McCormick, and the Warden Gwendolyn Mosley are completely unaware they've been duped!

This prisoner prays that this Honorable Court would demand the medical records of Thomas Adams - #100612, specifically those records by P.H.S. on 8-10-2006, in which this prisoner was examined, diagnosed and treated by Nurse Bowman and Nurse Maats for injuries sustained by the actions of CO I Joel Tew.

The Eighth Amendment, forbids cruel and unusual punishments - see also the Code of Alabama's Title 14
14-11-4, 14-3-9, 14-11-1
which provides sanctions, punishments, fines, jail time for correctional personnel who "maltreats a convict"
Title 14-3-9, requires an investigation, as does S.O.P.-C-28, Use of Force


III

From the ADOC's, C-28, Use of Force Handcuffs (2) "Shall never be used as a method of inflictive punishment on an inmate."

The ADOC's, C-28 requires that, "Handcuffs will be placed in the lock-position." (2-B)

This plaintiff maintains that, when I was taken from Cell SB-16 to the segregation lobby I was hand cuffed behind my back. See — Disciplinary — 06-594. Questions. CO I Brown.

Furthermore, the ADOC's — C-28, Use of Force, provides in relevant part. III. Procedure (C), (1). "Inmates will not be placed in restraints unless it is apparent that to leave the inmate unrestrained would create a potential for..."

This prisoner maintains that a genuine issue of material fact exists as to the truth of the defendant(s). Sgt. L. Nolett, CO I Scott Tew, CO I Daron Faulson and CO I Angela Brown's sworn affidavits! See: Code of Ala. — Title 13A-10-101, Perjury

in Disciplinary — 06-0594, Rule # 29, Assault on a D.O.C. Official — Question to Sgt. Nolett
Q#1 — Did inmate Adams push CO I Tew?
Answer — "I did not see it"
By hearing officer — CO I Anthony Williams also:
Q#1 to CO I Faulson — Did inmate Adams push CO I Tew?
Answer — "I was in the office"

(IV)

Plaintiff, REALLEGES FROM THE ORIGINAL COMPLAINT PARAGRAPHS 8-13, THAT I HAD ASKED SGT. L. HULETT for a "body chart" DUE ENTIRELY TO INJURIES RECIEVED FROM THE BRUTALITY / EXCESSIVE FORCE of CO I J. TEW.

YET;
FROM SGT. HULETT'S SWORN AFFIDAVIT EXHIBIT E p.2, RECORDS THAT. "INMATE ADAMS DID NOT ADVISE ME THAT HE NEEDED TO GO BACK TO THE HEALTH CARE UNIT FOR ANY REASON."

THIS PRISONER MAINTAINS THAT SGT. HULETT'S SWORN TESTIMONY IS IN VIOLATION OF THE OATH — CODE OF ALABAMA — 13A-10-101.

THIS PRISONER MAINTAINS THAT IN THE AFTERNOON OF 8-10-2006 THE DAY OF THIS INCIDENT HE (L. HULETT) AND CO I DOWNING ESCORTED ME TO THE H.C.U. DUE TO THE INITIAL AND CONTINUED VERBAL REQUESTS FOR EMERGENCY MEDICAL CARE. (body-chart)

THAT I WAS EXAMINED, DIAGNOSED AND TREATED BY P.H.S. NURSE BOWMAN AND NURSE MOATS WHO WERE ON DUTY.

SGT. L. HULETT'S SWORN TESTIMONY / AFFIDAVIT IS INCORRECT, IMPROPER AND AN ABUSE OF A SWORN OATH!

BY THIS COURT'S EXAMINATION OF THE PLAINTIFF'S MEDICAL FILE OF 8-10-2006, ETC. CO I J. TEW'S SWORN TESTIMONY / AFFIDAVIT IN WHICH HE SAYS." I GRASPED INMATE ADAMS' UPPER BODY AND PLACED INMATE ADAMS ON THE FLOOR", WILL SHOW ANOTHER PREPOSTEROUS ATTEMPT TO LIE!

(V)

COI J. Yew recants from his affidavit that. "I did not use excessive force against inmate Adams." (Exhibit-B)

Plaintiff maintains that these certain contradictions in affidavits and sworn testimony, Health Care Unit files and the original complaint. 42 USC § 1983, would when proven place these defendant(s) in jeopardy of prosecution for perjury.

Plaintiff contends that in the civil action Davis v. Bryant, 2:06-CV-00010-DRB. When Sgt. Bryant was ordered by ADOC's I & I Division to submit to a polygraph test he refused. While inmate Davis is noted that. "No Deception."
Pursuant to Ala. Code-Title 14-3-9 an investigation is required, but was not ordered by Warden Gwendolyn Mosley.

Plaintiff maintains that Lt. Bryant did interview him at cell 5B-16 on 8-10-2006. Where is that document/report?

The defendant(s) attempt an absurd accusation. Made for the sole purpose of exaggeration that I attempted an escape! This is a preposterous effort to convince the court, Warden Mosley that an inmate in a wheelchair, having chest pains. Who being escorted by (2) two prison guards, enclosed by a pair of twenty foot fences could or would try and attempt escape.

(VI)

The Defendant(s) claim from P.6, Special Report is that, "it is likely he would have mentioned this during his visit."

Please see the original complaint from (5), (6). I have alleged that Defendant(s) Hollett and Yow remained in the exam room the entire time. I was verbally threatened and intimidated by both Defendant(s)!

One of the claims of the original claim was a conspiracy by the defendant(s) to conceal facts and cover-up actual events, documents/files.

These actions of the defendant(s) insult the integrity of the Court and serve the discourtesy of wasting time and/or causing unnecessary delay. (F.R.Civ.P. 56(g))

Defendant Sgt. Hollett's affidavit, "Exhibit E" is inconsistent, contradicts answers to questions of disciplinary #06-594, which are of the same incident, this fraudulent effort to cover-up an officer's brutality/excessive force, who was/is under his direct supervision. Examples a failure to train and then supervise. A liability.

Plaintiff maintains that "I was hand-cuffed <u>behind</u> <u>my</u> <u>back</u>!"



(VII)

In the civil action of inmate Garrett Gaines, (at E.C.F. - S Dorm) he was also hand-cuffed behind his back!

In the civil action of inmate Ricky Davis, (at E.C.F. - S Dorm) he was also hand-cuffed behind his back!

Both of these are charges of an excessive force / brutality!

In the medical emergency of 8-10-2006, it was never necessary to restrain this prisoner — for any reason!

For the purpose of definition, I am disabled, having had a recent heart-attack on 6-28-2006, and then put in the I.C.U. at Troy Hospital due to wrong medications. Please see this prisoner's medical file —

At the very least, the courts have found in, ZIMMERMAN v. TIPPECANOE SHERIFF'S DEPT., 25 F. SUPP. 2D., 915 (N.D., IND., 1998) that, "A finder of fact could conclude that placing hand-cuffs on an inmate if done with sufficient force, could cause permanent nerve damage."

These defendant(s) are barred from any qualified immunity defense, becoming liable, when their conduct / actions violates clearly established constitutional rights of which any reasonable person would have known!



VIII

"IT WOULD THEN BE ODD TO DENY AN INJUNCTION TO INMATES WHO PLAINLY PROVED AN UNSAFE, LIFE THREATENING CONDITION IN THEIR PRISON ON THE GROUND THAT 'NOTHING YET HAPPENED TO THEM'." Helling 509 U.S., 33

WHETHER THE USE OF FORCE USED BY THIS DEFENDANT (CO I JOEL TEW) WAS THEN EXCESSIVE, CONSIDERING THE DEGREE OF INJURIES SUSTAINED (INMATE MEDICAL FILE) BECOMES AND REMAINS A QUESTION OF FACT FOR THE CONSIDERATION AND DETERMINATION OF THIS HONORABLE COURT OR A JURY.
Harris v. Chapman, 97 F.3d., 489 (11th Cir., 1996)

AS TO SUMMARY JUDGMENT.
PLAINTIFF'S POSITION AS TO THE DEFENDANT(S) MOTION / REQUEST FOR A SUMMARY JUDGMENT SUBMITS, SUMMARY JUDGMENT IS TO BE DENIED, THERE ARE GENUINE ISSUES OF MATERIAL FACT.
THESE CONDITIONS OF THE SEGREGATION UNIT AT EASTERLING PUTS THIS PRISONER, AS WELL AS OTHERS, AT A SERIOUS AND PREDICTABLE RISK OF INJURY IN THE FUTURE.
Helling v. McKinney, 509 U.S., 25 (1993)

THE DEFENDANT SUPERVISOR, SGT. L. NOLETT, HAS KNOWN AND KNEW OF THESE CONDITIONS AND FAILED TO RESPOND IN A REASONABLE MANNER.
"DELIBERATE INDIFFERENCE"
Wilson v. Seiter, 501 U.S., 294, (1991)
Farmer v. Brennan, 511 U.S., 825 (1994)


IX

## RELIEF REQUESTED

Plaintiff respectfully requests that this Honorable Court to issue a Declatory Judgement;

- To issue Punitive Damages.
- To Deny Summary Judgement for the Defendant(s).
- To require Defendant(s) to produce a Medical file of Plaintiff.
- To schedule for a Jury Trial.
- To require a Polygraph test(s).

Any and all such other relief as may be fair and just in the eyes of this Court.

To include an investigation of the Segregation Unit at Easterling.

Done this 11 day of December, 2006. This Response is filed Pursuant to 28 USC. § 1746 (2), Code of Ala. 13A-10-101 the Penalty of Perjury.

Respectfully Submitted,

x Thomas Adams

Thomas Adams - 100612-B
SB-12 Seg. Unit. E.C.F.
200 Wallace Drive.
Clio, Alabama   36017



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, BY SIGNATURE, THAT I HAVE MAILED A TRUE COPY OF "RESPONSE TO DEFENDANT(S) - SPECIAL REPORT" FIRST-CLASS POSTAGE PRE-PAID AND THEN PROPERLY ADDRESSED TO:

HONORABLE BETTIE J. CARMACK (CAR-132)
ASSISTANT ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130

DONE THIS 11 DAY OF DECEMBER, 2006

RESPECTFULLY SUBMITTED,

Thomas Adams

THOMAS ADAMS - 100612-B
SB-12, SEG UNIT, E.C.F.
200 WALLACE DRIVE
CLIO, ALA. 36017

