## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS OTTER ADAMS (100612), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-873-ID |
| | ) | |
| WARDEN GWENDOLYN MOSLEY, | ) | |
| Et al | ) | |
| Defendants. | ) | |

### AMENDED SPECIAL REPORT

Come now the Defendants, **Gwendolyn Mosley**, **Lewis Hulett, Joel Tew, Daron Fayson, and Angela Brown,** by and through the Attorney General for the State of Alabama, and hereby amend their special report due to additional information being obtained as a result of this Court's request dated July 25, 2008:

### EXHIBITS[1]

Defendants submit the following exhibits:

1.  Exhibit I – August 10, 2006 (9:30 a.m.) disciplinary report (Adams pushed Officer Tew)

2.  Exhibit J – August 10, 2006 (9:00 a.m.) disciplinary report (Officer Tew confiscated various contraband items from Adams, including paint brushes and pastels)

### PLAINTIFF'S ALLEGATIONS

According to Inmate Adams, on August 10, 2006, he was attacked by Officer Fayson, Officer Tew, Officer Brown and Sergeant Hulett. (Inmate Adams' complaint)

---

[1] The Defendants incorporate by reference all exhibits previously filed by the defendants in this cause.

Inmate Adams insinuates that he was attacked by the Officers because he is the jailhouse lawyer in the case of <u>Ricky Davis v. Sergeant Bryant, et al</u>.   (<u>See</u> <u>id</u>., attachment-pg. 2)

## *ARGUMENT OF FACT AND LAW*

This Court should enter a summary judgment in favor of the Defendants on the grounds that: the Plaintiff's excessive force claim is meritless and the Defendants are protected by sovereign and qualified immunity.

### *Statement of Facts*

On August 10, 2006, Inmate Adams informed Officer Fayson that he was having chest pains.  (Exhibit A, pg. 1)  Officer Fayson informed Sergeant Hulett that Inmate Adams was having chest pains.  <u>See</u> <u>id</u>.  Sergeant Hulett asked Officer Fayson to escort Inmate Adams to the lobby.  <u>See</u> <u>id</u>.  Officer Brown and Officer Fayson escorted Inmate Adams to the lobby.  <u>See</u> <u>id</u>.

While Inmate Adams was sitting in the lobby, Officer Joel Tew approached him and asked him to sit in the wheelchair.  (Exhibit B, pg. 1)  Inmate Adams proceeded to kick the wheel chair and stated: "Ya'll ain't going to do anything for me.  Ya'll want me dead.  Ya'll are making a big deal out of some pastel pencils and some pills."  <u>See</u> <u>id.</u>; (Exhibit J)  Inmate Adams refused to get in the wheelchair and started to walk towards the front door exit.  (Exhibit B, pg. 2.)  Officer Tew grabbed Inmate Adams and ordered him to stop and sit down in the wheelchair.  <u>See</u> <u>id</u>.  Inmate Adams charged at Officer Tew and pushed him against the wall.  <u>See</u> <u>id.</u>; (Exhibit I)   To protect himself, Officer Tew placed Inmate Adams on the floor.  <u>See</u> <u>id</u>.  After a struggle, Officer Brown, Officer Tew, and Sergeant Hulett placed Inmate Adams in the wheelchair and escorted him to the Health Care Unit.  <u>See</u> <u>id</u>.

***Plaintiff's claims of excessive force are without merit.***

Inmate Adams contends that Officer Tew "brought a wheelchair in, began to berate [him], and said, "Get there (H.C.U.) the best way you can Adams."  At this point, "[Inmate Adams] became scared, frightened, and ***defensive***.  [Inmate Adams] stood up to walk from the segregation unit to the H.C.U., and was seized, grasped and apprehended by COI Tew, picked up, and then body-slammed to the floor of the lobby, on [his] back, hand-cuffed behind [his] back, the breath was knocked out of [him].  [Inmate Adams] was then picked-up by Officers Tew, Fayson [and] Brown, assisted then by seg. Commander Sgt. Lewis Hulett."  (Inmate Thomas's complaint, pg. 3)(emphasis added).

The Supreme Court follows a two-part test to determine whether a plaintiff has established a valid excessive force claim.  Hudson v. McMillian, 503 U.S. 1, 20 (1992). This test is composed of both an objective and subjective component.  Id.  Inmate Adams' excessive force claim cannot be maintained unless he establishes:  (1) that he suffered an injury that was objectively serious enough to establish a constitutional violation, and (2) that subjectively, the Defendants acted maliciously or sadistically to cause him harm.  Id.

**A.  Objectively serious injury**

Inmate Adams contends that his wrist and back hurt as a result of the actions of the Defendants.  On August 11, 2006, Inmate Adams has X-rays performed.  The X-rays showed no recent fracture or "other significant bony abnormality."  (Exhibit G, pg. 1) The X-rays also showed no rib fracture.  See id.  Although Inmate Adams had to wear a wrist splint for two weeks, any injury to his wrist was caused by him when he defied the Defendants' request to sit down in the wheelchair so that he could be taken to the health

3

care unit. (Exhibit F, pg. 1-4) If Inmate Adams had not become defensive [2]and resisted the Defendants' direct orders to sit down and go to the health care unit, he would not have incurred an injury to his wrist. Furthermore, this alleged injury to Inmate Adams' wrist was minor; he only had to apply ice and wear a splint for two weeks. Courts of appeal have observed that injuries resulting from a similar usage of force alleged by Inmate Adams are too minor to support the objective prong of the excessive force test. See Markiewicz v. Washington, 1999 WL 196596 (7th Cir. 1999) (A bruised shoulder from being shoved into a wall does not evidence use of excessive force.); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (A sore, bruised ear lasting three days does not evidence use of excessive force.); Riley v. Dotson, 115 F.3d 1159 (4th Cir. 1997) (A welt from a slap on the face does not evidence use of excessive force.); Williams v. Dehay, 1996 WL 128422 (4th Cir. 1996) (Transitory back and shoulder aches of limited duration do not evidence use of excessive force.); Schoka v. Swinney, 1995 WL 251126 (9th Cir. 1995) (A 1.5 inch scratch on the back of the hand from handcuffs does not evidence use of excessive force.); Lundsford v. Bennett, 17 F.3d 1574 (7th Cir. 1994) (Daily headaches without treatment, from being hit with a water bucket, does not evidence use of excessive force.); Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994) (A sore and swollen thumb from being hit with keys does not evidence use of excessive force.).

As for Inmate Adams' claim that he still has back pain, he admits that he has been informed that his back pain is due to arthritis. (Inmate Adams' complaint – attachment, pg. 2) This opinion is supported by Inmate Adams' X-ray results which state: "There is

---

[2] Inmate Adams, himself, admitted that he became defensive when ordered to sit in the wheelchair so that he could be taken to the healthcare unit. (Inmate Adams's complaint, pg. 3)

slight disc space narrowing identified at L4-L5 and L5-S1.  Mild hypertrophic change is noted at L4-L5." (Exhibit G, pg. 1)  The Defendants can not be held responsible for the arthritis in Inmate Thomas' back.  Inmate Adams' wrist injury is *de minimis* and his alleged back pain is caused by arthritis; therefore, Inmate Thomas' excessive force claim is without merit.

**B.  Maliciously or sadistically**

Even if, arguendo, this Court were to conclude that Inmate Adams had indeed incurred objectively serious injuries at the hands of the Defendants, Inmate Adams' claim would still be without merit because he has not shown that the Defendants acted maliciously and sadistically to cause him harm.  See Bozeman v. Orum, 422 F. 3d 1265, 1271 (11th Cir. 2005) quoting Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987)("whether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm").  The Supreme Court has set out five factors to determine whether or not a defendant acted maliciously or sadistically to cause harm:  (1) the extent of the injury suffered, (2) the need for the application of the force, (3) the relation between the need for force and the amount of force actually used, (4) the threat reasonably perceived, and (5) any efforts to temper the severity of a forceful response.  Hudson, 503 U.S. at 7.

Applying the Hudson factors to this case, the extent of the injury suffered by Inmate Adams was minimal, a sprained wrist.  The application of force was an appropriate response to Inmate Adams' resistance to a direct order to sit down.  The force was needed to get Inmate Adams to obey a direct order to sit down.  Inmate Adams'

refusal to sit down, as ordered, can be perceived as a serious threat to the health and safety of the officers in the direct vicinity of the inmate. Because the Defendants exerted just enough force to restore order and discipline and not maliciously and sadistically to cause Inmate Adams harm, Inmate Adams' excessive force claim is without merit and due to be dismissed. See McReynolds v. Ala. Dept. of Youth Services, 426 F. Supp. 1247, 1255 (M.D. Ala. 2006)("[A]bsent a showing of specific intent, the 'infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment . . .")

### *This Court should enter a summary judgment for the Defendants because the Plaintiff's claims are not supported by sufficient evidence.*

Rule 56 of the Federal Rules of Civil Procedure, provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When the movant makes a properly supported motion for summary judgment, the nonmoving party must provide specific facts showing the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party may oppose the motion with any of the types of evidentiary materials listed in Rule 56(c) of the Federal Rules of Civil Procedure, except for its pleadings. Celotex, 477 U.S. at 324. The nonmoving party may not rest merely on its pleadings in opposing the motion. *See* F.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. Summary judgment is properly entered when the party who will bear the burden of proof at trial

fails "to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. at 322.

As previously stated, Inmate Adams failed to produce any evidence that he was maliciously or sadistically beaten by prison officials.    Because Inmate Adams has failed to produce evidence that the Defendants used excessive force with malicious intent, Inmate Adams's complaint is due to be DISMISSED.

### Defendants Are Immune from Suit.

To the extent that the Defendants are sued in their official capacity, they are immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment, therefore, not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry. See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Hans v. Louisiana, 134 U.S. 1, 13-15 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 (1984).  "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999).  This suit is in reality a suit against the State.  Thus, the Defendants are absolutely immune.

Furthermore, Inmate Adams has made no specific claims against Warden Gwendolyn Mosley.  The claims against Warden Mosley are, therefore, due to be dismissed on the ground that there is no respondeat superior liability in actions brought under 42 U.S.C. § 1983.  See  Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992).

## CONCLUSION

**WHEREFORE**, the above-cited facts and law are considered, the Defendants move this Honorable Court to DISMISS the Plaintiff's complaint.

Respectfully Submitted,

Troy King (KIN047)
Attorney General


 /s/Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 12th day of August, 2008, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Inmate Thomas Otter Adams**
**AIS # 100612**
**5B-12 Segregation Unit**
**Easterling Correctional Facility**
**200 Wallace Drive**
**Clio, AL  36017**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433

# EXHIBIT I

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

DISC. #06-594

1.  INMATE : **Thomas Adams**          CUSTODY: **Med.**          AIS NO.:  **W/100612**

2.  FACILITY: **Easterling Correctional Facility**

3.  The above named inmate is being charged by **Joel Tew, COI**  with violation of rule **#29** specifically **Assault on an ALDOC official,**  from regulation   **# 403**, which occurred on or about **August 10, 2006** at (time) **9:30 AM**; Location: **Segregation Lobby** .  A hearing on this charge will be held after 24 hours from service.

4.  Circumstances of the violation(s) are as follows:
    **You, Inmate Thomas Adams, W/100612, did push Officer Tew into the Segregation Lobby wall when he was attempting to sit you in a wheel chair.**

5.  **August 10, 2006**                                    _Noel Tew COI_
    Date                                            Arresting Officer / Signature / Rank
                                                    **Joel Tew, COI**

6.  I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the   _10_   day of _AUG_          , 2006, at (time) _1:45_      (am/pm).

7.  _Robert McKinnis COE_                    _Thomas Adams_
    Serving Officer / Signature / Rank          Inmate's Signature / AIS Number

8.  Witnesses desired?   NO _____      YES _Thomas Adams_
                              Inmate's Signature          Inmate's Signature

9.  If yes, list: _Ofc. Faysou, ofc. Brown and Sgt. Hulett_

10. Hearing Date _9-29-06_      Time _1:15 pm_      Place _Seg Office_

11. Inmate must be present in Hearing Room.  If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is) is not) capable of representing himself.
                                            _Anthony Williams COI_
    _100612_                                Signature / Hearing Officer

13. Plea: _Thomas Adams_ _____ Not Guilty _____Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
                                            _Anthony Williams COI_
                                            Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): **We were trying to get Inmate Adams to the Health Care Unit because he was complaining of chest pains.  I told him to sit in the wheelchair.  When I grabbed him, he started resisting.  He snatched away from me and pushed me with his shoulder, into the wall.  I was trying to get him to sit in the wheelchair so we could take him to HCU.**

Annex C to AR 403 ( Page  1 of 3  pages )

16.  Inmate's Testimony:  **(Refer to attached statement).**

_____
_____
_____
_____

Witness: _Jerri Hulett COII_    Substance of Testimony: **I didn't see the entire incident.  Officers Tew, Fayson, and Brown had Inmate Adams in the lobby.  I had a wheelchair brought to SEG.  Inmate Adams refused to get in the wheelchair.  He attempted to walk to the SEG exit door.  I didn't see when the incident happened, but I heard the struggle.**

Witness: _Thomas Fayson COII_    Substance of Testimony: **I brought Inmate Adams out to the lobby.  At the time of the incident, I was in the office.**

Witness: _Angela Brown, COI_    Substance of Testimony: **On the day in question, Officer Tew was trying to get Inmate Adams to HCU.  Inmate Adams didn't want to go because he said it was taking too long.  They brought the wheelchair.  Inmate Adams\***

17.  The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Anthony Williams COI_
Signature / Hearing Officer

**\*kicked the wheelchair.  Officer Tew told Adams that he had to go to HCU.  Officer Tew grabbed Adams because he was resisting, and that's when Adams pushed Officer Tew, causing him to hit the wall.**

18.  The Following witnesses were not called          reason not called
  1.  **N/A**                                **N/A**
  2.  _____    _____
  3.  _____

19.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that :  **On 08/10/06, at approximately 9:30 AM, in the Segrgation Lobby, Inmate Thomas Adams, W/100612, did push Officer Tew into the Segrgation Lobby wall when he was attempting to sit Inmate Adams in a wheelchair.  Therefore, Inmate Adams was in violation of Rule #29-Assault On An ADOC Official.**

20.  Basis for Finding of Fact:  **Officer Joel Tew stated under oath that Inmate Adams did push him into the Segregation lobby wall.  Officer Angela Brown's testimony supports COI Tew's testimony.  Hearing officer believes the testimonies of Officers Tew and Brown.**

21.  Hearing Officer's Decision:          **X**  Guilty
                                          _____  Not Guilty

22.  Recommendation of Hearing Officer: **45 Days Disciplinary Segregation and 45 days loss of all privileges.**

_Anthony Williams COI_
Signature / Hearing Officer

**Anthony Williams, COI**
Typed Name and Title

23.  Warden's Action – Date _____
  Approved _____
  Disapproved
  Other (specify) _____

  Reason if more then 30 calendar days delay in
  action. _____

25.  I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the __4__ day of __SEPT__ 2006, at (time) _1202_ (~~am~~ pm).

_Vano Fay, COI_                    _Thomas Odom – 100612_
Signature / Serving Officer / Title    Inmate's Signature and AIS Number

A.L.

## ALABAMA DEPARTMENT OF CORRECTIONS
## NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING

Inmate's Name: _THOMAS ADAMS_     AIS #: _W/100612_

Violation(s): _#29, 56, 64_

Notice is hereby given that your Disciplinary hearing which was scheduled on _AUGUST 24, 2006_ has

been rescheduled for _UNTIL FURTHER NOTICE_

Reason for rescheduling: _ARRESTING OFFICER NOT AVAILABLE_

_Thomas Adams 100612_
Inmate's Signature

_John Shine CO1_
Serving Officer's Signature

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES

# MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**STEP 1: ARRESTING OFFICER**
Offense: _RV# 29- assault on an ADOC Official_ Today's Date: _9/11/06_

Inmate Name: _Thomas Adams_ AIS# _100612_ Institution: _Easterling C.F._
Is the inmate currently on the mental health caseload? Yes ? *(go to step 3)* No ? *(next question)*
If No, did you observe signs of psychological distress during the incident requiring a mental health referral? Yes ? *(go to step 3)* No ? *(go to step 2)*
Name of Arresting Officer: _Joel Fox, COT_ Shift: _1st_ Date of Incident: _8/10/06_

**STEP 2: HEARING OFFICER**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable to understand what the charge is and what might happen as a result of the charge or the inmate appears unable to actively participate in the hearing as suggested by NO to any of the following:

- Inmate knows where he is?
- Inmate knows why he is seeing hearing officer?
- Inmate knows the date?
- Inmate is appropriately dressed
- Inmate is able to speak coherently?
- Inmate makes sense?
- The inmate's statements are logical and organized?

Should the inmate be referred for mental health evaluation of competency? Yes *(go to step 3)*
No *(go to step 4)*
Name of Hearing officer: _Stephanie Moran, COT_ Referral Date:

**STEP 3: MENTAL HEALTH STAFF**
Date requested consult received: _4/11/06_ Date consult returned: _4/15/06_
Is the inmate competent to participate in the hearing? **Yes** No

If No, why is the inmate not competent?_____

If No, what treatment will assist the inmate in becoming competent?_____

Are there mental health issues that may have impacted inmate's behavior at the time Yes **No**
of the charge? If yes, describe the issues:_____

Are there mental health issues to be considered regarding disposition if found guilty? Yes **No**
If yes, describe the issues and the relation to the disposition:_____

Do mental health staff members wish to be present at the disciplinary hearing to provide input? Yes **No**
Mental Health Staff Member: _V. Whit_ Phone: _365_

**STEP 4: REVIEW**
Have the mental health recommendations been considered? **Yes** No
Hearing Officer: _Anthony Williams_ Date: _9-29-06_

| INMATE NAME: _Adam Thomas_ | AIS #: _100612_ |
|---|---|

Disposition: Inmate Medical Record and Institutional Inmate file   Reference: ADOC AR: 623, 626, 632, 633, 635
ADOC Form MH-041 - November 14, 2005

August 14, 2006

RE: Violation of Rule #29
    Statement, Pursuant to III E, IV G, H,
    Admin. Reg. 403
      To the Hearing Officer Anthony Weller

    I am Thomas Adams-10062, capable
and able to make this statement, I
am over 21 yrs old, this statement
is made pursuant to 28 USC § 1746(e),

    Charging me with Rule #29 violation is
an attempt by CO1 Joel Tew to cover-up
or conceal the charge of officer
mis-conduct, i.e. assault, excessive
force.
    I maintain that CO1 Joel Tew has
manufactured and fabricated a lie,
to avoid an investigation, reprimands
etc. to the charge of excessive force.
    I allege that CO1 Joel Tew has
conspired with Sgt. Hulett, CO1 Fayson,
and CO1 Brown to cover-up this
incident and to retaliate against
me.
    CO1 Tew is a veteran correctional
officer who after 17 yrs of state

REMAINS AT THE RANK OF COI, SGT ROW
IS TRAINED & SKILLED AT producing a
DECEPTIVE, misleading, and FALSIFYING
STATEMENT of disciplinary CHARGES
AND REPORTS, A polygraph TEST
WILL PROVE THE TRUTH of THIS
ALLEGATION.

    COI FAYSON AND COI BROWN ARE
DEFENDANTS in CIVIL ACTION. 2:05- CV-
0352, MHT,- THOMAS ADAMS VS. GWENDOLYN
MOSLEY, ET. AL., MIDDLE DISTRICT, ALABAMA.

    IN THE SAME ACTION I HAVE REQUESTED
of THE FEDERAL COURT TO BE ALLOWED TO
ADD, SGT. LEWIS NULETT, COI SGT ROW.
I.E. FAILURE TO TRAIN AND SUPERVISE,
ASSAULT, EXCESSIVE FORCE, VERBAL ABUSE,
INTIMIDATION AND THREATS.

    THIS INMATE WAS COMPLAINING OF
CHEST PAINS, BEING COMMON AMONG
PEOPLE WHO'E HAD BY-PASS SURGERY
AND STENTS IN THE HEART. I HAD
BEEN REMOVED FROM CELL 5B-16 AND
WAS SITTING IN THE LOBBY OF S DORM.

    I WAS HAND-CUFFED BEHIND MY
BACK, BY COI FAYSON.

    THE PRISON HEALTH SERVICES PROVIDES
THE MINIMUM EFFORT TO ME AS A
CORONARY / HEART PATIENT    (2)

AT THIS TIME ON 8-10-2006, I WAS
VERY WEAK HAVING TAKEN 4-5
NITROGLYCERIN TABLETS, USP, 0.4 mg
IN A FIFTEEN TO TWENTY MINUTE
UNIT.

I FURTHER MAINTAIN THAT SGT. HOLTON,
COI FRYSON, COI BROWN STOOD BY AND
WITNESSED THIS EVENT, KNOWING BETTER,
FAILED TO TAKE ANY ACTION(S) TO
STOP COI TEW, FROM SLAMMING ME
TO THE SEG. LOBBY FLOOR, CAUSING
ABRASIONS TO MY BACK, BRUISING
RIBS, I AM NOW ORDERED BY A DR.
TO WEAR A SPLINT IN MY R. WRIST,
WHICH WAS X-RAYED ON 8-11-2006
AT E.C.F.

EACH OF THESE PERSONS ARE WELL
AWARE THAT I AM WHAT'S REFERRED TO
AS A "JAILHOUSE LAWYER." THAT I
FILED FOR/WITH RICKY DAVIS-173073.
US. GWENDOLYN MOSLEY, WARDEN III,
ET. AL. - CASE NO. 2:06-CV 10-MEF
DISTRICT COURT / MIDDLE-ALABAMA, IN
WHICH SGT. ROBERT BRYANT, ADOC.
3RD SHIRT E.C.F. HAS BEEN EITHER
FIRED, RESIGNED, OR DEMOTED AND
TRANSFERRED FOR EXCESSIVE FORCE.

③

Sgt. Bryant was a fellow officer of COI Tew, COI Frayson, COI Brown. and Sgt. Elliott,

I HAVE NEVER ASSAULTED DOC PERSONNEL of any rank or position, REGARDLESS of RACE, religion or gender.

I did not ASSAULT, ASSAIL, STRIKE, Advance, or By any OTHER TERM or definition harm or EVER ATTEMPT TO HARM COI JOEL TEW.

UNDER THE PENALTY of PERJURY, done this 14 DAY of AUGUST, 2006

Thomas Adams
THOMAS ADAMS - 100612
5B-16 SEG. UNIT.
200 WALLACE DRIVE.
CLIO, ALABAMA
36017

(9)

QUESTIONS TO OFFICER BROWN

OFFICER BROWN WERE PRESENT IN THE LOBBY on 8-10, during this incident?
        If this is the date of the Incident. Yes
OFFICER BROWN - did you witness and/or SEE INMATE ADAMS POSH COI VIEW?
        Yes

OFFICER BROWN - was INMATE ADAMS HAND-CUFFED? Behind his back?
        Yes

OFFICER BROWN - was INMATE ADAMS complaining of CHEST PAINS?
        Yes

    I CONTEND THAT human beings are not very accurate or truthful, but, a polygraph is MORE THAN 95% accurate.

    IN ORDER TO DISCOVER who is lying and who isn't, will you submit to a polygraph test?

AUGUST 14, 2007

RE: RULE # 29 - QUESTIONS
PURSUANT TO ADMIN. REG. # 403 - II D

SGT. HULETT, DID INMATE ADAMS, PUSH,
COI TEW, I did not see it

SGT. HULETT- DID COI TEW TELL INMATE
ADAMS, " GET THERE THE BEST WAY YOU
CAN"! I didn't hear that.

SGT. HULETT- DID INMATE ADAMS WALK
TO THE SEGREGATION DOOR?
        Yes

COI FRYSON - DID INMATE ADAMS, PUSH,
COI TEW? I was in the office.

COI FRYSON· WAS INMATE ADAMS AT
ALL TIMES HAND-CUFFED? BEHIND
his back? We put them to the front when
we got to the lobby
COI FRYSON· DID COI TEW SLAM INMATE
ADAMS TO THE SEGREGATION FLOOR?
        I have no knowledge.
COI Fryson- DID YOU HELP/ ASSIST IN
picking INMATE ADAMS UP FROM THE FLOOR?
            ? no I was in the office

# EXHIBIT J

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

DISC. #06-596

1. INMATE : **Thomas Adams**         CUSTODY: **Med.**      AIS NO.: **W/100612**

2. FACILITY: **Easterling Correctional Facility**

3. The above named inmate is being charged by **Joel Tew, COI** with violation of rule **#64** specifically **Possession of contraband,** from regulation **# 403**, which occurred on or about **August 10, 2006** at (time) **9:00 AM**, Location: **Segregation, cell 5B-16** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows:
   **You, Inmate Thomas Adams, W/100612, did have 4-pieces of razor blade, 1-double bladed pencil sharpener, 1-state issued belt buckle, 1-bandaid, 10-rolls of string, 1-box of used artist pastels (chalk crayons), 3-pieces of ruler, 1-inmate made artist brush, and 6-600mg Lopid pills, that were found and confiscated by Officer Tew during a shakedown. You admitted to Officer Tew that the items were yours.**

5. **August 10, 2006**                    _Joel Tew COI_
   Date                            Arresting Officer / Signature / Rank
                                   Joel Tew, COI

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _10_ day of _Aug_, 2006, at (time) _1:50_ (am/pm).

7. _Robert McKinnie COI_                    _Thomas Adams_
   Serving Officer / Signature / Rank        Inmate's Signature / AIS Number

8. Witnesses desired?    NO _____     YES _Thomas Adams_
                         Inmate's Signature            Inmate's Signature

9. If yes, list: _Ofc. Fayson, Sgt. Hulett, and inmate Gary Christopher_

10. Hearing Date _9-29-06_    Time _2:25 pm_    Place _Seg. Office_

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is)/is not) capable of representing himself.

                  100612          _Anthony Williams COI_
                                  Signature / Hearing Officer

13. Plea: _Thomas Adams_ ___ Not Guilty _____/ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
                                  _Anthony Williams COI_
                                  Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): **On the day in question, Inmate Adams had in his possession, four pieces of razor blades, one double edged pencil sharpener, one state issued belt buckle, one Band-Aid, ten rolls of string, one box of used Artist pencils, (crayons), three pieces of a ruler, one inmate-made Artist brush, and six 600mg Lopid pills that were found during a routine shakedown.**

16. Inmate's Testimony:   **(See statement).**

_____

_____

_____

Witness: _Dain Frn, coi_   Substance of Testimony: **Officer Tew and myself conducted a routine shakedown and confiscated the items.**

Witness: _Lavn Hulit coi_   Substance of Testimony: **I was not there when Officers Tew and Fayson conducted their shakedowns.**

Witness: **N/A**   Substance of Testimony: **N/A**

17. The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

   _Anthony Williams_ COI
   Signature / Hearing Officer

18. The Following witnesses were not called     -     reason not called
   1. **Inmate Gary Christopher**     **Waived from hearing by defendant.**
   2. **N/A**     **N/A**
   3. _____     _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
   The Hearing Officer finds that :   **On 08/10/06, at approximately 9:00 AM, in Segregation, Cell 5B-16, Inmate Thomas Adams, W/100612, did have in his possession, four (4) pieces of razor blade, one (1) double edged pencil sharpener, one (1) state issued belt buckle, one (1) Band-Aid, ten (10) rolls of string, one (1) box used Artist pastels (crayons), three (3) pieces of rule, one (1) inmate-made Artist brush, and** (Con't

20. Basis for Finding of Fact:   **Officer Joel Tew stated under oath that he conducted a routine shakedown of Cell 5B-16, and found four (4) pieces of razor blade, one (1) double-edged pencil sharpener, one (1) state issued belt buckle, one (1) Band-Aid, ten (10) rolls of string, one (1) box used Artist pastels (crayons), three (3) pieces of ruler** (Con't

21. Hearing Officer's Decision:   __**X**__ Guilty
                          _____ Not Guilty

22. Recommendation of Hearing Officer:   **45 Days Disciplinary Segregation and loss of all privileges.**

   **\*Inmate not earning good time.**

   _Anthony Williams_ COI
   Signature / Hearing Officer
   **Anthony Williams, COI**
   Typed Name and Title

23. Warden's Action – Date  _02 OCT 2006_
   (Approved)  _signature_
   Disapproved
   (Other specify)  _All disciplinary segregation time is to run concurrent with Disciplinary Report #CG-1594 and #CG-595_
   Reason if more then 30 calendar days delay in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the ___4___ day of __SEPT__ 2006, at (time) _1200_ (am / pm).

   _Dain Fayson, COI_   _Thomas Adams - 100612_
   Signature / Serving Officer / Title   Inmate's Signature and AIS Number

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number   **Thomas Adams, W/100612**          Incident Report No.  **ECF-06-**

Facility :   **Easterling Correctional Facility**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER
(QBHO) TO ARRESTING OFFICER:     N/A

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO
INMATE:    N/A

CONTINUED WITNESS TESTIMONY (QBHO):     N/A

CONTINUED FINDINGS OF FACTS:      six (6) 600mg Lopid pills.  Therefore, Inmate Adams was in violation of
Rule #64-Possession of Contraband.

CONTINUED BASIS FOR FINDING OF FACT:      one (1) inmate-made Artist brush, and six (6) 600mg Lopid
pills.  Also, Inmate Adams did admit to hearing officer that he had the Lopid pills in his possession (refer to
statement).

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES

# MENTAL HEALTH CONSULTATION TO THE DISCIPLINARY PROCESS

**STEP 1: ARRESTING OFFICER**
Offense: RIV # 64 - Possession of Contraband          Today's Date: 9/11/06

Inmate Name: Thomas Adams          AIS# 100612          Institution: Easterling C.F.
Is the inmate currently on the mental health caseload?     Yes ? (go to step 3) No ? (next question)
If No, did you observe signs of psychological distress during the incident requiring a mental health
referral?                                    Yes ? (go to step 3) No ? (go to step 2)
Name of Arresting Officer: Noel Few, COI          Shift: 3t     Date of Incident: 8/10/06

**STEP 2: HEARING OFFICER**
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable
to understand what the charge is and what might happen as a result of the charge or the inmate
appears unable to actively participate in the hearing as suggested by NO to any of the following:

- *Inmate knows where he is?*      • *Inmate knows why he is seeing hearing officer?*      • *Inmate knows the date?*
- *Inmate is appropriately dressed*      • *Inmate is able to speak coherently?*      • *Inmate makes sense?*
- *The inmate's statements are logical and organized?*

Should the inmate be referred for mental health evaluation of competency?     Yes  (go to step 3)
                                                                               No   (go to step 4)
Name of Hearing officer: Stephanie Moual, COI  Referral Date:

**STEP 3: MENTAL HEALTH STAFF**
Date requested consult received: 9/11/06          Date consult returned: 9/18/06
Is the inmate competent to participate in the hearing?                    (Yes)  No

    If No, why is the inmate not competent?_____

    _____

    If No, what treatment will assist the inmate in becoming competent?_____

Are there mental health issues that may have impacted inmate's behavior at the time     Yes  (No)
of the charge?  If yes, describe the issues:_____

Are there mental health issues to be considered regarding disposition if found guilty?  Yes  (No)
If yes, describe the issues and the relation to the disposition:_____

Do mental health staff members wish to be present at the disciplinary hearing to provide input?  Yes  (No)
Mental Health Staff Member: Y. WH, MS                          Phone: 305

**STEP 4: REVIEW**
Have the mental health recommendations been considered?                    (Yes)  No
Hearing Officer: Anthony W. Williams                          Date: 9-29-06

INMATE NAME: Adams Thomas                          AIS #: 100612

Disposition: Inmate Medical Record and Institutional Inmate file          Reference: ADOC AR: 623, 626, 632, 633, 635
                                                                          ADOC Form MH-041 - November 14, 2005

**ALABAMA DEPARTMENT OF CORRECTIONS**
**NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING**

Inmate's Name: _THOMAS ADAMS_     AIS: _W/100612_

Violation (s): _#29, 56, 64_

Notice is hereby given that your Disciplinary hearing which was scheduled on _AUGUST 24, 2006_ has been rescheduled for _UNTIL FURTHER NOTICE_

Reason for rescheduling: _ARRESTING OFFICER NOT AVAILABLE_

X _____
Inmate's Signature

_____
Serving Officer's Signature

Annex D to AR 403

24 of 24

AR 403 January 30, 2003

AUGUST 15, 2006

RE: STATEMENT, PURSUANT TO III E, III G, H
ADMIN. REG. # 403
TO THE HEARING OFFICER <u>Anthony W. Williams COI</u>

I AM THOMAS ADAMS - 100612, CAPABLE AND
ABLE TO MAKE THIS STATEMENT, I AM OVER
21 YRS. OLD, THIS STATEMENT IS MADE
PURSUANT TO 28 USC. § 1746 (2).

I DID ADMIT TO COI TEW THAT THESE
ITEMS WERE MINE AND I STILL DO.
ON 6-28-06 I WAS TAKEN FROM
SEG. UNIT TO TROY HOSPITAL AND JACKSON
HOSPITAL.
AT MY ABSENCE, COI FERGYSON ORDERED
THE (2) INMATES IN SB-8 TO PACK ALL
OF MY PROPERTY, WHICH THEY DID.
EACH OF THESE ITEMS WERE IN MY
PROPERTY THEN AND HAD BEEN FOR
SEVERAL MONTHS, ITEMS WHICH WERE
ACCUMULATED OVER MANY MONTHS
OF CONFINEMENT IN SEGREGATION.
WITH THE EXCEPTION OF 6-600 MG.
LOPID PILLS, FOR CHOLESTEROL.
THIS ALLEGED INCIDENT HAS/HAD
OCCURED ON 8-10-2006 @ 9:00 AM

①

STATEMENT CONT. - RULE #64

I maintain that as of the date of this filing, there have been no successive shake down's, by a 1st shift officer on 5 Dorm B side.

I further maintain that the goal of this conspiracy has been accomplished, that there is no further intent, except to harass this Jailhouse Lawyer.

I contend that when I arrived back at E.C.F. on 7-7-2006, was placed back in segregation, cell 5B-16, and each piece of property that is now listed as "contraband" by CO I Teo was given back to me by an officer.

There was no reciept given for any property that was taken, contraband or not, i.e. a calendar, photos, pencils, erasers, hand phone rack, soap carvings,

CO I Joel Teo, continues to verbally harass me at each pill-call, in an effort to provoke me and stress out a heart-patient.

SGT. Deloit continues to fail in training or supervising his employee CO I Joel Teo.

②

AUGUST 15, 2006

RE: RULE # 64. QUESTIONS
PURSUANT TO ADMIN. REG. # 403, - II D

SGT. HELETT - WERE YOU PRESENT DURING
THIS SHAKEDOWN?  NO

SGT. HELETT. - WAS THERE ANY CONVERSATION/
ARGUMENT BETWEEN YOU AND INMATE ADAMS?
I wasn't there

SGT. HELETT. ARE YOU AWARE OF ANY MEDICAL
CONDITIONS OF INMATE ADAMS?  NO

SGT. HELETT. ARE YOU RESPONSIBLE FOR THE
TRAINING AND SUPERVISION OF COI TEW?
Yes

SGT. HELETT - IS COI TEW ALLOWED ANY TYPE
OF CONTACT WITH INMATE ADAMS?
Yes

SGT. HELETT - PURSUANT TO ADMIN. REG-
# 433, II. A. (1)., COI TEW HAS
BECOME INEFFECTIVE AND COUNTER-
PRODUCTIVE TO ANY REHABILITATION
EFFORTS AND/OR GOALS, WHY IS HE
(COI TEW) STILL WORKING SEG REGATION?
NO. OFC TEW does a good Job As A seg Officer

①

QUESTIONS - CONTIN - # 64

COI FAYSON - WERE YOU PRESENT DURING ANY OF THE INCIDENTS? During the shakedown

COI FAYSON - TO YOUR KNOWLEDGE WAS THERE BEEN ANY SHAKEDOWNS, BY A 1ST SHIFT OFFICER, SINCE 8-10-2006, ON B-SIDE SEG? Yes there have been shakedowns

COI FAYSON - PREVIOUS TO THIS DATE 8-10-06, HAVE YOU AND/OR COI STEVEN EVER BEEN ACCUSED OF EXCESSIVE FORCE, ASSAULT ON AN INMATE? NO

COI FAYSON - ARE YOU AWARE OF ANY MEDICAL OR MENTAL HEALTH CONDITIONS OF INMATE ADAMS? Heart Problems

COI-FAYSON - IN SEARCHING INMATE ADAMS CELL, AND TAKING OF PROPERTY, WAS ANY RECIEPT REQUIRED OR GIVEN? We dont give receipts of contraband It is not required.

COI FAYSON - IS THERE A VIABLE SECURITY INTEREST IN CONFISCATING, A CALENDAR, PHOTOS, PENCILS, ERASERS, HEAD PHONE RACK, LEGAL DOCUMENTS, SOAP CARVINGS, PENCIL SHARPENER, ARTIST PASTELS, A BROKEN PLASTIC RULER?
② Rulers and Pencil Sharpners are not allowed

STATEMENT OF THOMAS ADAMS - 100012.
PURSUANT TO ADMIN. REG. #403, - III ε,
III G, H., and IV - PROCEDURES GOVERNING
HEARING

DISCIPLINARIES 29, 56, 64, COI VIEW - 8-10-2006

I AM THOMAS ADAMS, I AM OVER 21 YEARS
OLD, CAPABLE AND ABLE TO MAKE THIS
STATEMENT, PURSUANT TO 28 USC § 1746(2),
UNDER THE PENALTY OF PERJURY.

I WAS SERVED THREE (3) DISCIPLINARIES
ON 8-10-2006, BY COI ROBERT MCKINNIS
AT CELL 5B-16 SEGREGATION UNIT, E.C.F.
APPROX. 1:47 PM.

I WAS SERVED A NOTICE OF POSTPONEMENT
OF DISCIPLINARY HEARING, ON 8/23/06, BY
COI JOAN IVEY, AT CELL 5B-16, SEGREGATION
UNIT, E.C.F. WHICH IN PERTINENT PART
SAYS, RESCHEDULED FOR — UNTIL FURTHER NOTICE.
THIS "NOTICE" INCLUDED ALL THREE ALLEGATIONS
OF # 29, 56, AND 64.

I MAINTAIN THAT THE ADOC's OWN
ADMINISTRATIVE REGULATION - # 403, III,

①

STATEMENT CONTINUED~

PROVIDES IN RELEVANT PART. - "IF THERE IS
A NEED TO POSTPONE OR RESCHEDULE THE
HEARING, FORM 225 D, NOTICE OF A
POSTPONEMENT OF DISCIPLINARY HEARING
(ANNEX D) SHOULD BE COMPLETED, ADVISING
THE INMATE OF THE RESCHEDULED DATE
AND REASON FOR DELAY."

I MAINTAIN THAT, "UNTIL FURTHER
NOTICE", IS WHOLLY INSUFFICIENT, AND
AS IS NOTED IN;

GRILLO V. COUGHLIN, 31 F.3D. 53, 56 (1994)
AN "INADEQUATE NOTICE", DENIES DUE-PROCESS,
EVEN IF THE PRISONER GOES FORWARD AT
THE HEARING AND TRIES TO PRESENT A
DEFENSE. (p. 56)

HEWITT V. HELMS, 459 U.S. 460, 472 (1983)
PROVIDES, "A PRISONER PLACED IN ADMIN. SEG.
MUST BE HEARD WITHIN A 'REASONABLE TIME"
AFTER CONFINEMENT.
A U.S. SUPREME COURT CASE

②

STATEMENT CONTINUED-

WALKER F. 3D. 1415, (1994)- "WHERE THE STATE (D.O.C.), SETS OUT A LIST OF OFFENSES FOR WHICH PUNISHMENT(S) MAY BE IMPOSED, REQUIRES NOTICE AND A HEARING, AND SETS OUT THE PUNISHMENT(S), IT (STATE) CREATES A "LIBERTY INTEREST" IN REMAINING FREE FROM ARBITRARY PLACEMENT IN DISCIPLINARY SEGREGATION."

FURTHER MORE, IT IS MY CONTENTION THAT COI LUIM, A VETERAN OFFICER, KNEW FULL WELL THAT HIS ACTIONS, THE NOTICE OF POSTPONEMENT, THE WORDING, VIOLATES THIS PRISONER'S DUE-PROCESS, AS IS MAINTAINED IN ADMIN. REG. # 403, AND IN A GREATER SENSE, THIS PRISONER'S PROTECTIONS AS ARE GUARANTEED BY THE U.S. CONSTITUTIONS 14TH AMENDMENT!

MOREOVER, I FIRMLY MAINTAIN THAT THESE DISCIPLINARY HEARING(S) ARE BEING HELD ILLEGAL, THAT TO RELATIVE TO AN ADVERSE FINDING OF GUILTY IS TO MAKE JUSTICE A MOCKERY AND SHAM!

③

LEGAL USE ONLY

STATEMENT CONTINUED —

THAT TO ATTEMPT TO FURTHER COMPLICATE, rectify, the conditions that this prisoner is presently held in, knowing full well the recent medical incidents, of this prisoner, is to cleverly example harsh, cruel and unusual punishments. which further violates the protections of the Constitutions 8th AMENDMENT!

I maintain that the "notice of postponement" is void, invalid, not sanctioned by the A D O C, or this hearing, that it is faceless and not credible, the only purpose to complicate and confound this hearing, solely for the purpose to create a decoy and hinderance to the orderly operation of this institution.

Basically, subjecting the officials, officers, employees involved to a civil liability.

Done this 24th Day of August, 2006

*Thomas Adams — 100612*

THOMAS ADAMS —
5B-16 SEE UNIT
E. C. F.

④