IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTDICT

THOMAS OTTER ADAMS( 100612)
   Plaintiff
   v
WARDEN GWENDOLYN MOSLEY,
et. al.
   Defendant(s)

2:06-cv-873-ID

PLAINTIFF,S ANSWER TO DEFENDANTS SPECIAL REPORT

Comes now the PLaintiff, Thomas Otter Adams, a State prisoner, who is before this Honorable Court in the above styled civil action, pursuant to the Order of this Court dated August 5/ 2008.

In the support thereof the Plaintiff offers for the examination of this Honorable Court, the Following;



Argument of fact and LAW
---

Plaintiff asserts that the Defendants claim of "protected and qualified immunity' will not stand pursuant to the HUDSON V.MC Millan, 503 U.S. 1, 112 S.Ct. (1992). The defendants have used excessive force in this instance, in that, the Plaintiff was hand-cuffed behind his back, which is to be the opposite of the claim of the defendant CO 1 Fayson, CO 1 Brown, further the hand-cuffs were not in the lock position as is required by the A.D.O.C.

Plaintiff further alleges that even if the handcuffs were applied correctly (front position) the fact that Plaintiff was thrown to the Segregation unit florr would have been enough to prove the claim of 'excessive force'.

Plaintiff further examples that, I was not in a jump suit as is claimed by the Defendants, but was wearing only a pair of boxer shorts and shower shoes!

P,aintiff further claims that I did not push a wheel chair at all, but stood up to walk to the Health Care unit, when I was told by Defendant CO 1 Tew, "get there the best way you can Adams"!

Plaintiff further claims that in light of these emergency type circumstances, a very possible heart-attack, that the only recourse was to then proceed to the Health Care Unit on my own! In which case I then attempted to do so. It was at this time that I was picked up by the Defendant CO 1 Tew and, body slammed to the floor. I landed on my back and the hand cuffs then locked causinf the recorded injury, which required a wrist brace for over Two weeks.

Plaintiff further claims that this excessive force was a very definate attack, the reason being that I am/was the Jail-house lawyer in the RICKY DAVIS V. SGT. BRYANT civil action in which the Defendant Sgt. Bryant was required to take a polygraph test by the A.D.O.C.'s I&I division and refused. Which resulted in a transfer and demotion of this correctional officer. Inmate Davis also alleged an 'excessive force' claim against A.D.O.C. officials. Inmate Davis was then transferred to the Holman UNit to stopany further assistance by this Plaintiff in his civil action, Inmate Davis has a very limited

'Davis has a very limited education and was under the care of a mental health proffesional at the Easterling Corr. Facility at the time of the 'excessive force'.

    Plaintiff further claims that there was no investigation of this present circumstance by the I&I division, which had there been an Order to that effect, then a likelyhood of these Defendants being required to take a polygraph test would have proven by the scientific results of that test that there is/was a very legitimate claim of excessive force.
    Plaintiff respectfully requests of this Honorable Court that these Defendants be required to submit to a Polygraph test for the correct evedence and testimony before this Court. There are many fabrication(s) and innacuricies in the 'sworn' affidavits of all these Defendants and without the scientific results of a polygraph test the Court must rely on apparent fabrication(s).
    Plaintiff submits that I am more than willing to submit to the same manner of reaching the total truth!

    This PLaintiff has required that there be a jury trial in this present civil action and is now the continued request of this Honorable Court to allow that requirement to be honored.
    Plaintiff respectfully requests that this Honorable Court to disallow the Defendant(s) to be granted a Summary Judgment for a Dismissal and would require that this civil action to go to a Trial and then to set a date certain for that proceeding.

    WHERE FORE, these premises being considered, it is the respectfull request that this Plaintiff,s request be granted.

                                Respectfully submitted,
                                  *Thomas Adams*
                              Thomas Otter Adams- # 100612
                              Faith-Dorm,   Staton Corr. Facility
                              Elmore, Ala.  36025

Done this  28 day of August,2008

CERTIFICATE OF SERVICE

    I hereby affirm by my signature that the above and foregoing civil action- 2:06-cv-873-ID, is true and correct to the best of my belief and knowledge and that I have sent a true and correct copy of the same to the legal counsel for the Defendant(s) via the U,S. Mail properly addressed and the postage being pre-paid.

OFFICE OF THE ATTORNEY GENERAL
11 South Union St.
Montgomery, Ala.   36130

                                     Respectfully submitted,

                                     _____

                                     Thomas Otter Adams- # 100612
                                     Faith- Dorm    A- 30a
                                     P.O. Box 56
                                     Elmore, Ala.   36025

Done this 28 day of August, 2008


cc; U.S. District Court
    Attorney Generals Office ( Ms. Bettie J. Carmack)
    inmate file

THOMAS OTTER ADAMS - 180618
Faith Dorm - A - 38A
P.O. Box 56
Ecmare, AL 36025

[postmark: MONTGOMERY AL 361 — 03 SEP 2008 PM 4 T]

Office of the Clerk
U.S. District Court, N. Di.
P.O. Box 711
Montgomery, AL.
36101-8711

(LEGAL MAIL)

36101+0711