IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS OTTER ADAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 2:06-cv-873-ID |
| | ) |
| GWENDOLYN MOSLEY, *et al.*, | ) (WO) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This case involves claims brought by inmate Thomas Adams against several correctional officers under 42 U.S.C. § 1983, alleging the use of excessive force during Adams' incarceration at Easterling Correctional Facility, located in Clio, Alabama. This cause is before the Court on the Report and Recommendation issued by Magistrate Judge Charles S. Coody (Doc. # 37) on November 3, 2008. In the Recommendation, Judge Coody recommended granting summary judgment in favor of all Defendants, with the exception of Officer Joel Tew. On November 17, 2008, Plaintiff Thomas Adams filed an Objection (Doc. # 38) to the Recommendation that summary judgment should be granted.

After a careful review of the record and the arguments made by the parties in this case, the Court finds that the Recommendation of Judge Coody is due to be ADOPTED with respect to the recommendation that summary judgment be granted in favor of Defendants Mosley, Holett, Brown, and Fayson. Accordingly, Adams' Objection is due to be OVERRULED. However, the Court also finds that the Recommendation is due to be MODIFIED with respect to Officer Tew's motion for summary judgment. For the reasons

stated below, the Court finds that summary judgment is due to be GRANTED in favor of Officer Tew.

## I.  JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question).  The parties contest neither personal jurisdiction nor venue, and the Court finds an adequate factual basis for each.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal quotation marks and citations omitted)).

The party seeking summary judgment "always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III.  FACTS

The Court has carefully considered all of the evidence submitted in support of and in opposition to the motions. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

On the morning of August 10, 2006, Adams was experiencing chest pains. He alerted Officer Fayson of his condition. Officer Fayson reported Adams' health concern to Sgt. Holett, who instructed Officers Fayson and Brown to escort Adams to the lobby. Adams was then handcuffed behind his back, removed from his cell, and escorted to the segregation lobby. Once in the lobby, Adams and the officers waited for an escort to the health care unit.

Officer Tew arrived in the segregation lobby with a wheelchair to take Adams to the health care unit. Officer Tew then began berating Adams and told him to get to the health care unit the best way he could. Adams then got up from his chair intending to walk to the health care unit by himself. Officer Tew then grabbed Adams and body-slammed him to the floor. The officers then picked Adams up, put him in the wheelchair, and escorted him to the healthcare unit.

The healthcare personnel examined Adams and found nothing wrong with him. He was then taken back to his cell. Later in the day, Adams complained about a pain in his wrist. Adams was taken to the healthcare unit a second time for his wrist pain. Healthcare

personnel also observed a three-inch red mark on Adams' wrist and a tiny scratch that was not bleeding. Adams' right lower forearm above the wrist also showed some swelling. Adams was given an ice pack for his wrist and scheduled for an x-ray. The following day, August 11, 2008, healthcare personnel x-rayed Adams' lower back, right-side ribs, and right wrist. The x-ray showed no recent fracture or other significant bone abnormality. Adams received a wrist splint, which he wore for two weeks. Adams complains that he still has back pain and numbness in his right wrist.

## IV. DISCUSSION

In order to establish a claim of excessive force, a prisoner must prove that his injury was caused by an "unnecessary and wanton infliction of pain." *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). The "core judicial inquiry" is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* The absence of "serious injury" alone is insufficient to dismiss a prisoner's excessive force claim. *Id.* Rather, a court must analyze the following factors: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* Furthermore, a "de minimis" use of force is beyond constitutional recognition. *Id.*

A correctional officer's use of force against a prisoner is excessive and unconstitutional when it constitutes an "unnecessary and wanton infliction of pain." *Harris*, 97 F.3d at 505. The use of force must be "gratuitous or disproportionate" and must have "no object but to inflict pain." *Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002). The Court finds that the facts as alleged by Adams do not constitute an "unnecessary and wanton infliction of pain." First, the force allegedly used by Officer Tew was significantly less severe than the force used in the cases where the Eleventh Circuit has found excessive force against inmates that have been subdued or incapacitated. *See Harris*, 97 F.3d at 505-06 (repeated kicks and beatings from six officers, while one officer shouted racial slurs and taunts); *Davis v. Locke*, 936 F.2d 1208, 1213 (11th Cir. 1991) (pulling shackled inmate out of truck in such a manner that he landed on his head, causing severe mental damage); *Williams v. Cash*, 836 F.2d 1318, 1320 (11th Cir. 1988) (purposefully breaking subdued inmate's arm); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986) (multiple guards repeatedly struck inmate on head, shoulder, arms and legs, and then when inmate fell to the floor they repeatedly kicked him in the side, ribs, back, and head); *Skrtich*, 280 F.3d at 1300 (multiple guards repeatedly kicking and punching inmate in the back, ribs, and side, and slamming inmate's head against the wall). Second, the force was applied while Adams was attempting to walk away from Officer Tew, after Officer Tew had instructed Adams into the wheelchair so that he could escort Adams to the healthcare facility.

Under these circumstances, Adams has failed to show that Officer Tew used excessive

force against him in violation of the Eighth Amendment.  Accordingly, because Adams has failed to state a constitutional violation, Officer Tew is entitled to summary judgment.  *See Skrtich*, 280 F.3d at 1301.

## V.  CONCLUSION

For the reasons set forth above, it is CONSIDERED and ORDERED that:

(1)  Plaintiff's Objection to the Magistrate Judge Recommendation (Doc. # 38) be and the same is hereby OVERRULED;

(2) The Recommendation of the United States Magistrate Judge (Doc. # 37) be and the same is hereby ADOPTED and MODIFIED as set forth herein;

(3)  Defendants' Motion for Summary Judgment (Doc. # 16) be and the same is hereby GRANTED;

(4) All claims and this case are DISMISSED WITH PREJUDICE;

(5) This Court will enter a separate final judgment taxing costs.

DONE this 1st day of December, 2008.

/s/ Ira DeMent<br>SENIOR UNITED STATES DISTRICT JUDGE